RAHM v. MAYOR, ETC., OF CITY OF VICKSBURG.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1919.)

No. 3297.

MUNICIPAL CORPORATIONS ⚖768(3)—SUFFICIENCY AND SAFETY OF WAY—SIDEWALK ABOVE GRADE OF STREET.

A city *held* not chargeable with negligence, which rendered it liable for injury to a person who fell when starting to cross a street in the evening in the middle of a block, because the sidewalk was some 4 or 5 feet higher than the grade of the street.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action at law by F. H. Rahm against the Mayor and Aldermen of the City of Vicksburg. Judgment for defendant, and plaintiff brings error. Affirmed.

R. L. McLaurin, of Vicksburg, Miss. (McLaurin & Armistead, of Vicksburg, Miss., on the brief), for plaintiff in error.

George Anderson, of Vicksburg, Miss. (Anderson, Vollor & Kelly, of Vicksburg, Miss., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

BATTS, Circuit Judge. Veto street, between Washington and Walnut, in the city of Vicksburg, was improved by reducing the grade. No corresponding change was made in the sidewalk on the north side. This sidewalk, from Washington street east towards Walnut, was of concrete; and, starting with the same grade as Veto street at Washington, it was, at the middle of the block, from 3½ to 5 feet higher than the street. From this point the sidewalk was of brick, and, gradually descending, again reached the level of Veto street at Walnut. Plaintiff in error, a gentleman of more than 70, a traveling salesman, not residing in the city, was walking from Washington east towards Walnut on the north sidewalk of Veto. Reaching the highest point on the sidewalk, he states that he saw what appeared to him a hole in the sidewalk, and, in order to avoid any danger, he left the sidewalk and stepped into the street at the point at which the sidewalk was highest from the street. He sustained injury from the resulting fall, and instituted suit against the city for damages.

The declaration charged that plaintiff proceeded on a concrete side-

walk until "when the sidewalk ceased to be of concrete and continued in brick pavement, which under the dim reflection from the street light appeared very much darker to the plaintiff than the concrete sidewalk"; that "in an effort to avoid possible danger ahead of him, where he could not see so plainly, he turned to the right, intending to cross Veto street and to take the sidewalk on the south side, where he could see much better from the light available"; that at this place "Veto street is some 4 or 5 feet lower than the sidewalk," the step-off being practically perpendicular; that the accident to plaintiff was caused by negligently leaving the sidewalk at the old grade and not providing sufficient light or a railing. In a second count it was alleged that the north sidewalk was not lowered to avoid complications or litigation with adjacent owners of property. The trial court overruled a demurrer to the declaration.

After the introduction of evidence he instructed the jury, but concluded his charge by directing a verdict for the defendant. The action of the court may have been unusual; but, if the evidence required a directed verdict, instruction could be given at any time before submission to the jury. The question for determination is, whether there was evidence requiring the submission of the case to the jury.

The city is not an insurer of the safety of persons who use its streets and sidewalks. Its obligations are met when reasonable care is exercised to keep them in reasonably safe condition. The city provided a safe street between Washington and Walnut, and safe sidewalks between the two streets. At Washington and Walnut there were safe places to cross from the sidewalk on one side to that on the other. There is no law and no customary practice requiring that safe crossings be provided at all points between streets on a block. Mr. Rahm chose to utilize, after night, a sidewalk of the city. The sidewalk was an entirely safe one, and if he had kept on it no accident would have occurred. He chose rather, without any investigation of what appeared to him to be a hole, but which in fact was not, to leave the sidewalk in the middle of the block, and take the chance which might be involved in crossing from one sidewalk to the other at an unusual place. This he did without making any effort to ascertain the relation between the sidewalk and the street—without knowing or undertaking to find out the distance from the one to the other. A difference between the grade of a street and of a sidewalk is common. It is apparent that plaintiff's accident resulted from his mistake in the first instance, his failure to easily correct his impression, and his failure to ascertain whether he could, with safety, step from the sidewalk to the street.

The plaintiff testified on cross-examination that the lights were dim on that night. At Washington, at the intersection of Veto, there was a 1,500 candle power arc light, and on Walnut street, at the intersection of Veto, there was an 80 candle power incandescent light. There is no evidence that lights of these powers were not entirely sufficient to light up Veto street and its sidewalks. There was nothing to obstruct the light. The circumstance that the witness testified that, on the particular night, the lights were dim, would not carry the in-

ference that the city had not exercised ordinary and proper care in the matter of lighting.

The circumstance that the city would have lowered the sidewalk, except for the attitude of the property owners, does not import negligence.

It is suggested that contributory negligence does not, under the laws of Mississippi, preclude recovery. The facts developed do not make a case of contributory negligence. Contributory negligence involves the idea of negligence by both parties. The evidence does not disclose any particular in which the city failed to perform its duty. The instructions of the court were justified by the evidence, and the case is

Affirmed.